UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
JASON DENT,                                                :  **DECISION AND ORDER**
                                                           :
                              Plaintiff,                   :  13 Civ. 5937 (BMC)
                                                           :
              - against -                                  :
                                                           :
UNITED STATES OF AMERICA,                                  :
                                                           :
                              Respondent.                  :
---------------------------------------------------------- X

**COGAN**, District Judge.

Petitioner has filed this *pro se* petition, purportedly for a writ of error *coram nobis* under 28 U.S.C.A. § 1651, the All Writs Act. This petition is mischaracterized as seeking a writ of error *coram nobis*. It is actually a second or successive habeas corpus petition. Because the Second Circuit has already denied petitioner's motion for leave to file a second or successive habeas corpus proceeding, the instant petition is denied.

This is petitioner's fourth petition challenging his December 8, 2003 conviction. See Dent v. United States, No. 09 Cv. 1938, at ECF No. 32 (Memorandum Decision and Order dated May 24, 2013 denying petitioner's habeas petition); Dent v. United States, No. 13-476, at dkt 14 (Order dated March 5, 2013 denying petitioner's habeas petition because "Petitioner has not satisfied the criteria set forth in 28 U.S.C. § 2255(h)"); Dent v. United States, No. 09 Cv. 1938, at ECF No. 26 (Memorandum Decision and Order dated March 18, 2011 denying petitioner's habeas petition). In the instant petition, petitioner makes the same argument that he has made in his prior habeas petitions: that he was tried and convicted on a second superseding indictment that was never submitted to the grand jury.

The relief that petitioner seeks – the reversal of his December 8, 2003 conviction because his constitutional rights were violated – is covered by 28 U.S.C. § 2255. See 28 U.S.C. § 2255 ("A prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). However, if petitioner properly characterized the instant motion as a habeas corpus petition under 28 U.S.C. § 2255, it would be deemed a second or successive motion under 28 U.S.C. § 2255(h). See Vu v. United States, 648 F.3d 111, 113 (2d Cir. 2011) (noting that to be successive, a "§ 2255 motion must attack the same judgment that was attacked in the prior motion, and the prior motion must have been decided on the merits.") (internal quotation marks and citations omitted). As petitioner is aware, his successive § 2255 motion has already been denied by the Second Circuit.

Here, it is clear that petitioner realized he could not file another § 2255 motion and so he called it a petition for a writ of *coram nobis* instead. The fact that a petitioner is unable to obtain habeas relief under 28 U.S.C. § 2255 does not mean that he may evade the procedural restrictions of § 2255 by seeking a writ of *coram nobis*. See Carlisle v. United States, 517 U.S. 416, 429 (1996) (stating that "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.") (internal quotation marks and citation omitted); Ortiz v. New York, 75 F. App'x 14, 17 (2d Cir. 2003) ("The fact that [petitioner] cannot actually obtain relief under [28 U.S.C. § 2255] does not change the result . . . [that] his reliance on *coram nobis* is merely a transparent attempt to circumvent the procedural obstacles that barred his § 2255 motion."); Mora v. United States, No.

11 Cv. 531, 2011 WL 891440, at *2 (E.D.N.Y. Mar. 10, 2011) ("The common law writs may not be used to circumvent the procedural requirements of [28 U.S.C. § 2255].").

Accordingly, the instant petition is denied. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
October 30, 2013